**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>UNITED STATES MAGISTRATE JUDGE | 6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>Telephone: (301) 344-3593 |

March 3, 2022

LETTER TO COUNSEL:

   RE: *Nicole D. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
      Civil No. TJS-21-1084

Dear Counsel:

  On May 4, 2021, Plaintiff Nicole D. petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits ("DIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 12 & 13. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

  Nicole D. protectively filed her application for DIB on August 17, 2018. Tr. 21. She alleged a disability onset date of March 25, 2016. *Id.* Her application was denied initially and upon reconsideration. *Id.* Nicole D. requested an administrative hearing, and a telephonic hearing was held on September 11, 2020, before an Administrative Law Judge ("ALJ"). Tr. 40-65. In a written decision dated October 22, 2020, the ALJ found that Nicole D. was not disabled under the Social Security Act. Tr. 18-39. The Appeals Council denied Nicole D.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 7-12.

  The ALJ evaluated Nicole D.'s claims for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Nicole D. had not engaged in substantial gainful activity from the alleged onset date of March 25, 2016, through the date last insured of December 31, 2018. Tr. 23. At step two, the ALJ found that, through the date late insured, Nicole D. suffered from the following severe impairments: Ehlers-Danlos syndrome with arthropathy, status post pelvic fracture, disorders of the spine, depression, anxiety disorder, and attention deficit hyperactivity disorder ("ADHD"). Tr. 23-24. At step three, the ALJ found that, through the date last insured, Nicole D.'s impairments, separately and in combination, failed

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On February 17, 2022, it was reassigned to Judge Hurson. On February 28, 2022, it was reassigned to me.

to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 24-26. The ALJ determined that, through the date last insured, Nicole D. retained the residual functional capacity ("RFC")

> to perform sedentary work as defined in 20 CFR 404.1567(a) except she could occasionally balance, stoop, kneel, crouch, crawl and climb ramps and stairs; she could never climb ladders, ropes, or scaffolds; she had to avoid frequent exposure to vibration; she had to avoid all exposure to hazards, including moving machinery and unprotected heights; and she could perform unskilled work with routine and repetitive tasks requiring no more than standard breaks.

Tr. 26.

At step four, the ALJ determined that, through the date last insured, Nicole D. was unable to perform past relevant work. Tr. 33. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that, through the date last insured, there were jobs that existed in significant numbers in the national economy that Nicole D. could have performed, including addresser, call out operator, and table worker. Tr. 33-35. Accordingly, the ALJ found that Nicole D. was not disabled under the Social Security Act from March 25, 2016, through December 31, 2018. Tr. 35.

Nicole D. argues that this case must be remanded for further proceedings because (1) the ALJ did not account for her moderate limitation in concentrating, persisting, or maintaining pace ("CPP") in the RFC assessment; (2) the ALJ did not explain how, despite her moderate limitation in CPP, she would be able to remain on task for more than 85% of an eight-hour workday; (3) the ALJ did not perform a function-by-function assessment of her work-related abilities; and (4) the ALJ did not evaluate properly pertinent evidence. ECF No. 12-1 at 6-13. For the reasons discussed below, however, these arguments are without merit.

First, Nicole D. argues that the ALJ's RFC determination does not account for her moderate limitation in CPP, and thus runs afoul of the Fourth Circuit's decision in *Mascio*, 780 F.3d at 638. ECF No. 12-1 at 6-7. In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* When an ALJ finds that a claimant has limitations in concentration, persistence, or pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.* The Fourth Circuit, however, "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). Rather, when "medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id.* (quoting *Winschel*, 631 F.3d at 1180).

As part of the step three analysis, the ALJ found that Nicole D. had a moderate limitation in CPP. Tr. 26. In making this finding, the ALJ noted that Nicole D. had indicated in her November 2018 function report that she had problems with concentrating and completing tasks. *Id.* The ALJ noted, however, that treatment records during the relevant period did not reveal any signs of attentional difficulties. *Id.* The ALJ nonetheless gave Nicole D. the benefit of the doubt regarding her mental functioning, given her history of taking medication for ADHD. *Id.* The ALJ also discussed Nicole D.'s ability to concentrate, persist, or maintain pace later in her decision, noting the prior administrative medical findings of Richard Luck, Ph.D., the state agency psychological consultant at the initial level who opined in January 2019 that Nicole D. had a moderate limitation in CPP but could "attend to simple tasks for 2-hour periods with usual breaks and occasional interruptions." Tr. 31-32, 70, 74. The ALJ found Dr. Luck's opinions to be persuasive because "they are supported by and consistent with the record as a whole during the relevant period" (Tr. 31). *See* 20 C.F.R. § 404.1520c.

The ALJ agreed with Dr. Luck's assessment that Nicole had, among other things, a moderate limitation in concentrating, persisting, or maintaining pace. Tr. 32. The ALJ "considered [Nicole D.'s] moderate limitations in concentrating, persisting, or maintaining pace" and "accounted for such moderate limitations by finding [she] could perform unskilled work with routine and repetitive tasks requiring no more than standard breaks through the date last insured." Tr. 31. The ALJ thus "explain[ed] how substantial evidence supports [her] conclusion as to [Nicole D.'s] CPP abilities in a work setting." *Terri S. v. Saul*, Civil No. DLB-19-3607, 2021 WL 168456, at *2 (D. Md. Jan. 19, 2021) (Boardman, J.), *reconsideration denied sub nom. Terri S. v. Kijakazi*, No. DLB-19-3607, 2021 WL 5395960 (D. Md. Nov. 18, 2021); *see Shinaberry*, 952 F.3d at 121 (holding that ALJ's finding that limited claimant with moderate limitations in concentration, persistence, and pace to performing "simple, routine, and repetitive tasks" accounted for claimant's mental limitations where ALJ "discussed in detail the psychological evaluations performed by the SSA psychological consultants" and other evidence); *Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017) (rejecting argument that remand was required under *Mascio* because ALJ failed to specifically account for claimant's moderate difficulties with regard to concentration, persistence and pace, because more detailed medical findings provided substantial support for RFC limitations).

The Fourth Circuit's reasoning in *Sizemore* "did not depend upon whether the ALJ 'adopted' a particular medical source opinion in whole or in part." *Terri S.*, 2021 WL 168456, at *3. Rather, the Fourth Circuit in *Sizemore* was concerned with whether substantial evidence supported the ALJ's RFC determination. *Id.*; *see Sizemore*, 878 F.3d at 80-81. "The ALJ's discussion of Dr. [Luck's] opinion with respect to [Nicole D.'s] work capabilities and her mental limitations makes clear the ALJ relied on substantial evidence in finding that [her] moderate CPP limitation did not require other RFC limitations." *Terri S.*, 2021 WL 168456, at *4 (citing *Sizemore*, 878 F.3d at 81). Because the ALJ applied correct legal standards and made findings supported by substantial evidence, Nicole D.'s argument that remand is warranted under *Mascio* is without merit.

Second, Nicole D. maintains that the ALJ failed to explain how, despite her moderate limitation in CPP, she would be productive or remain on task for more than 85% of an eight-hour workday. ECF No. 12-1 at 7-9. The VE testified that an employer would not tolerate off-task

3

behavior amounting to 15% of the time at work. Tr. 63. The ALJ, however, did not ultimately include such a limitation in Nicole D.'s RFC. "Indeed, the 'ALJ is not required to accept the vocational expert's opinion for a hypothetical based on limitations that the ALJ did not include in the [residual functional capacity].'" *Brian S. v. Saul*, No. 3:20CV065 (JAG), 2021 WL 748087, at *13 (E.D. Va. Feb. 10, 2021) (alteration in original) (quoting *Prim v. Colvin*, No. 7:14CV00135, 2015 WL 4757104, at *4 (W.D. Va. Aug. 11, 2015)), *report and recommendation adopted*, No. 3:20CV65, 2021 WL 744149 (E.D. Va. Feb. 25, 2021); *see Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). Instead, the ALJ found that, despite Nicole D.'s moderate limitation in CPP, she retained the ability to "perform unskilled work with routine and repetitive tasks requiring no more than standard breaks through the date last insured" (Tr. 31). *See Shinaberry*, 952 F.3d at 121; *Sizemore*, 878 F.3d at 80-81. "Accordingly, the ALJ did not err by failing to explain how [Nicole D.] possessed the ability to concentrate, persist, and maintain pace throughout an eight-hour workday with only a fifteen percent loss of productivity, because the ALJ did not make such a finding." *Brian S.*, 2021 WL 748087, at *13.

Third, Nicole D. argues that the ALJ failed to perform a function-by-function assessment of her work-related abilities. ECF No. 12-1 at 9-11. Every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by a narrative discussion describing the evidence that supports it. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). An ALJ must consider all of a claimant's "physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (alteration in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). In doing so, the ALJ must provide "a narrative discussion describing how the evidence supports each conclusion." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Once the ALJ has completed this function-by-function analysis, the ALJ can make a finding as to the claimant's RFC. *Id.*; *Thomas*, 916 F.3d at 311 ("Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion.").

The ALJ's decision contains a detailed discussion of the evidence of record, including Nicole D.'s subjective reports of her condition over time, her reported daily activities, treatment notes containing observations of her condition over time, and medical opinions. Tr. 24-33. In addition to summarizing the evidence and explaining the weight that the ALJ assigned to it, the ALJ also explained how the evidence translated into the ALJ's RFC determination. Tr. 30-33. Contrary to Nicole D.'s argument, the ALJ's explanation is sufficient for this Court to conduct its review. Because the ALJ explained how she weighed and considered the evidence, and because substantial evidence supports the ALJ's findings, Nicole D.'s argument on this point is without merit.

Further, in assessing RFC, the ALJ must discuss a claimant's "ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule)" and must "describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." SSR 96-8p, 1996 WL 374184, at *7. In connection with the ALJ's detailed discussion of the evidence, and after citing the relevant regulations and policy interpretation ruling (Tr. 22), the ALJ determined the work activities that Nicole D. can perform on a full-time basis. Substantial evidence thus supports the ALJ's RFC determination.

Last, Nicole D. contends that the Court should remand this case because the ALJ failed to evaluate properly pertinent evidence. ECF No. 12-1 at 11-13. According to Nicole D., the ALJ found Dr. Luck's opinions to be persuasive (Tr. 31-32), but the ALJ failed to include in her RFC assessment any limitation related to Nicole D.'s abilities to understand and remember detailed instructions, to complete work periods, or to have timely attendance, as opined by Dr. Luck. (ECF No. 12-1 at 12). The Fourth Circuit rejected this reasoning in *Sizemore*, however. *Kenneth L. v. Kijakazi*, Civil No. SAG-20-624, 2021 WL 4198408, at *3 (D. Md. Sept. 15, 2021) (Gallagher, J.) (citing *Sizemore*, 878 F.3d at 80-82). Remand is thus not warranted on this basis.

Nicole D. also argues that the ALJ failed to consider diagnostic testing from March 2019. ECF No. 12-1 at 12-13. As the Acting Commissioner points out, the ALJ in fact did so (Tr. 30). ECF No. 13-1 at 12-13. In any event, an ALJ "need only support [her] conclusions with substantial evidence. The ALJ is not required to credit each piece of evidence presented by a claimant. . . . Requiring the ALJ to incorporate further limitations would amount to this Court reweighing the evidence. This Court is not empowered to make findings of fact." *Kenneth L.*, 2021 WL 4198408, at *3 (citation omitted). Nicole D.'s argument on this point is thus also without merit.

In short, the Court's review is confined to whether substantial evidence supports the ALJ's decision and whether the correct legal standards were applied. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The Court is not permitted to reweigh the evidence, even if the Court believes the ALJ could have reached a different conclusion. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ's decision complies with the governing legal standards and is supported by substantial evidence. The Court thus affirms the Acting Commissioner's final decision.

For the reasons set forth above, Nicole D.'s Motion for Summary Judgment (ECF No. 12) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 13) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge